IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRI CITY FOODS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| COMMERCE & INDUSTRY INSURANCE COMPANY, | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Tri City Foods, Inc., by its counsel of record, alleges as follows for its Complaint for Breach of Contract and Declaratory Judgment against the defendant Commerce & Industry Insurance Company:

### Introduction

1. This case pits the insured against a certain umbrella insurance carrier with respect to the insurer's duty to defend Tri City Foods, Inc. ("Tri City Foods") in a lawsuit known as *Young v. Tri City Foods, Inc.*, Case No. 18 CH 13114 (Circuit Court of Cook County, Illinois, Chancery Division) (the "*Young* Class Action").

2. Tri City Foods tendered its defense of the *Young* Class Action to the defendant insurance carrier, but the defendant has failed and refused to honor its duty to defend Tri City Foods in the *Young* Class Action.

3. Consequently, the defendant insurance carrier has breached its duty to defend Tri City Foods.

1

4. As a consequence of defendant's breach, Tri City Foods is entitled to damages and a declaration that defendant is estopped from contesting its duty to indemnify Tri City Foods in the event of settlement of or an adverse judgment in the *Young* Class Action.

## The Parties

5. Plaintiff Tri City Foods is a Delaware corporation with its principal place of business located at 1400 Opus Place, Suite 900, Downers Grove, Illinois. Tri City Foods is an insured under the policies at issue in this case.

6. Tri City Foods is a franchisee of the Burger King restaurant chain.

7. Defendant Commerce & Industry Insurance Company ("C&I") is a New York property and casualty stock company and is a member of the American International Group, Inc. C&I's principal place of business is New York, New York.

## Jurisdiction

8. This Court has subject matter over this declaratory judgment action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the dispute presented is between citizens of different states. As described above, Plaintiff is domiciled in Illinois and Delaware, while Defendant is domiciled in New York.

9. This Court has specific personal jurisdiction over the Defendant because it has continuous and systematic contacts with Illinois, and the events, transactions and/or occurrences described herein have a substantial nexus to and/or occurred in Illinois.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391 because a substantial part of the events, transactions, and/or occurrences that give rise to the claims asserted herein occurred in this District.

**The Policies**

11. C&I issued two umbrella liability policies to Tri City Foods, among other insureds, having the following policy numbers and effective dates: policy number BE 018335645 effective November 20, 2015 to November 20, 2016; policy number BE 013791037 effective November 20, 2016 to January 1, 2018 (hereinafter referred to as the "C&I Umbrella Policy(ies)" and attached hereto as Exhibits A and B).

12. With regard to the claims asserted in the *Young* Class Action, each C&I Umbrella Policy provides limits of liability of $25,000,000 per occurrence and in the aggregate with a self-insured retention of $10,000.

13. Each C&I umbrella policy contains standard dual coverages of providing both an excess follow form extension of the primary policy, and primary coverage as a standalone coverage grant for general liability claims that are not covered by the scheduled underlying insurance.

14. Each C&I umbrella policy imposes upon C&I a duty to defend Tri City Foods when "the damage is sought because of **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** would not be covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance** even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** has not been exhausted by the payment of **Loss**." (Exhibit A at Section III.A.2; Exhibit B at Section III.A.2)

15. Within the C&I Umbrella Policies, Personal Injury and Advertising Injury "means injury arising out of your business, including consequential Bodily Injury, arising out of one of the following offenses: * * * 5. Oral or written publication, in any manner, of material that violates a person's right of privacy." (Exhibit A at Section VII. U.5; Exhibit B at Section VII.U.5)

3

16. The C&I Umbrella Policies impose on the Defendant a duty to defend Tri City Foods with respect to the *Young* Class Action.

### The *Young* Class Action

17. On October 22, 2018, Joe Young filed his complaint on behalf of himself and a putative class of individuals (the *Young* Class Action) against Tri City Foods for violations of the Illinois Biometric Information Protection Act. A copy of the complaint filed in the *Young* Class Action is attached as Exhibit C.

18. Tri City Foods retained the law firm of Ogletree, Deakins, Nash, Smoak & Steward, P.C. ("Ogletree Deakins") to represent it and defend it in the *Young* Class Action.

19. Ogletree Deakins' defense of Tri City Foods in the *Young* Class Action is ongoing.

20. Tri City Foods timely notified C&I of the *Young* Class Action.

21. C&I had actual notice of the *Young* Class Action in addition to receiving notice from Tri City Foods.

### COUNT I: Breach of Contract
### C&I's Breach of Its Duty To Defend Tri City Foods

22. Tri City Foods incorporates by reference the allegations contained in paragraphs one through 21 as though fully set forth herein.

23. The C&I Umbrella Policies are contracts.

24. Tri City Foods has complied with and/or satisfied all obligations and conditions precedent to C&I's performance.

25. The *Young* Class Action is potentially covered under the C&I Umbrella Policies.

26. Tri City Foods notified C&I, or in the alternative, C&I had actual notice, of the *Young* Class Action thereby triggering C&I's duty to defend Tri City Foods with respect to the *Young* Class Action.

27. C&I has failed and refused to defend Tri City Foods with respect to the *Young* Class Action and is therefore in breach of its duty to defend Tri City Foods.

28. Tri City Foods has been damaged by C&I's breach of its duty to defend Tri City Foods in the *Young* Class Action.

29. When an insurance carrier breaches its duty to defend, it is estopped from later contesting its obligation to indemnify the insured. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 151-52 (1999).

30. Having breached its duty to defend, C&I is estopped from contesting its obligation to indemnify Tri City Foods with respect to the *Young* Class Action.

### COUNT II: Declaratory Judgment Against All Defendants

31. Tri City Foods incorporates by reference the allegations set forth in paragraphs 1 through 21, as though fully set forth herein.

32. When an insurance carrier, whose policy imposes a duty to defend upon the insurance carrier, receives actual notice of a lawsuit against its insured, the insurance carrier is not permitted to ignore the insured, or simply refuse to defend the insured. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150-51 (1999). Rather, the insurance carrier must either defend under a reservation of rights or bring a declaratory judgment to resolve the duty to defend issue. *Id.*

33. If the insurance carrier fails to take one of these actions and is found to have breached its duty to defend the insured, then the insurance carrier is subject to the Illinois estoppel rule, by which it is estopped from later contesting its duty to indemnify the insured in the event of a settlement or adverse judgment in the underlying lawsuit. *Id.* at 151-52.

34. Here, the defendant has been notified of the *Young* Class Action and has taken no action with regard to its duty to defend by either providing a defense subject to a reservation of rights or bringing a declaratory judgment to determine it defense obligation.

35. Accordingly, Tri City Foods seeks a declaration that by virtue of the defendant's breach of its duty to defend, it is obligated to fully reimburse Tri City Foods for the defense costs incurred and pay ongoing reasonable and necessary defense costs incurred in the defense of the *Young* Class Action, and that it is estopped from contesting indemnification of a settlement or adverse judgment in the *Young* Class Action.

## **Prayer For Relief**

WHEREFORE, Plaintiff Tri City Foods, Inc. prays for the Court to enter judgment against defendant Commerce & Industry Insurance Company and award the following relief:

1. With respect to Count I – Breach of Contract, find that C&I breached its duty to defend and award plaintiff damages in excess of $75,000 and award attorney's fees and costs associated with prosecuting this lawsuit;

2. With respect to Count II – Declaratory Judgment, find and declare that C&I, based upon its policies of insurance and its conduct, owed plaintiff Tri City Foods, Inc. a duty to defend the *Young* Class Action, breached its duty to defend, and as a consequence of its breach, is estopped from reserving rights to deny indemnification in the event of a settlement or adverse judgment in the *Young* Class Action; and

3. Such other relief as this Court deems just and proper, including prejudgment interest.

## **Jury Demand**

Plaintiff Tri City Foods, Inc. demands a jury as to all issues so triable.

Dated:  January 17, 2024  Respectfully submitted:

TRI CITY FOODS, INC.

By: /s/ Robert H. Muriel_____
　　　One of its attorneys


Robert H. Muriel (6216589)
Gina Pacula (6301109)
Jay Zenker (6342914)
HOKE ATTORNEYS AT LAW LLC
400 S. Green Street, Suite 556
Chicago, Illinois 60607
(312) 600-9209
rmuriel@hokellc.com
gpacula@hokellc.com
jzenker@hokellc.com